UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN M. GAGNON,<br><br>    Petitioner,<br><br>    v.<br><br>R. FISHER,<br><br>    Respondent. | No. 2:19-cv-0305 CKD P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and the parties have consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

On May 27, 2016, petitioner was convicted in Shasta County of two counts of corporal injury to spouse, assault with a deadly weapon, kidnapping, false imprisonment by violence and threats resulting in great bodily injury. ECF No. 10-2 at 283. Petitioner was sentenced to 11 years imprisonment. Id.

Petitioner now presents two claims. First, petitioner asserts that his conviction for kidnapping must be vacated based upon the trial court's failure to instruct jurors, sua sponte, as to the lesser included offense of false imprisonment. Second, petitioner asserts that consecutive sentences for his two convictions of corporal injury to spouse violate his Fifth Amendment right

not to be subjected to double jeopardy.

I. Habeas Corpus Standards

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.2d 1146, 1149 (9th Cir. 2000).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971). A habeas claim may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

Title 28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;
>
> or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to"

2

> clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011).

A petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

II. Background

Petitioner does not challenge any facts underlying his convictions; the issues he raises are legal in nature. The opinion delivered by the California Court of Appeal on direct review provides a thorough summary of the events which occurred at trial including a summary of the evidence presented. (ECF No. 10-15 at 2-13).

III. Lesser Included Offense

Petitioner claims he had a right arising under the Due Process Clause of the Fourteenth Amendment to have jurors instructed, sua sponte, as to the elements of false imprisonment, a

3

lesser included offense of kidnapping under California law. Petitioner asks that this court vacate his conviction for kidnapping. The California Court of Appeal rejected this claim citing California Supreme Court precedent. ECF No. 10-15 at 26, n. 4.

The U.S. Supreme Court has never found that a state court's failure to instruct as to a lesser included offense in a non-capital case provides a basis for federal habeas relief, and the court declined to reach the question of whether such a failure can amount to a violation of the Due Process Clause in <u>Beck v. Alabama</u>, 447 U.S. 625, 638 n. 14 (1980). This being the case, petitioner cannot show the rejection of his claim in state court is either contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Therefore, petitioner is precluded from relief by 28 U.S.C. § 2254(d). Indeed, in his traverse, petitioner concedes that he is not entitled to habeas relief on his first claim.

IV. <u>Double Jeopardy</u>

In his second claim, petitioner asserts that his consecutive sentences entered upon separate convictions for corporal injury to spouse violate the Double Jeopardy Clause of the Fifth Amendment. Petitioner argues the wrongful acts upon which both convictions are based (the January 21, 2013 pushing of the victim to the ground then dragging her into her and the defendant's residence, and then the strangling of the victim by hanging in the residence) were part of the same course of conduct as there was not a sufficient enough lapse in time between the two events and no period of time for petitioner to "cool off" or "reflect."

While petitioner raised a claim similar to this claim before the California Court of Appeal and the California Supreme Court, that claim arises under California law and not the Fifth Amendment. Accordingly, petitioner has not exhausted state court remedies as to this claim and relief cannot be afforded.

In any case, petitioner's double jeopardy claim lacks merit. "The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994). In his traverse, petitioner claims he should not have received two convictions for

corporal injury to spouse as the acts underlying both convictions occurred during a "continuous course of conduct." However, the Double Jeopardy Clause does not preclude convictions for separate criminal acts simply because they occurred during the same transaction or course of conduct. See, e.g., Eckert v. Tansy, 936 F.2d 444, 450 (9th Cir.1991); Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987).

V. Conclusion

For all the foregoing reasons, petitioner's application for a writ of habeas corpus will be denied and this case will be closed. Furthermore, the court will not grant a certificate of appealability, as referenced in 28 U.S.C. § 2253 as petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) is denied;

2. This case is closed; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: June 28, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gagn0305.157(2)

5